# Keeney, Appellant, *v.* Campbell.

*Negligence—Railroads—Private owners of cars—Siding.*

Where private owners of cars requested the agent of a railroad company for permission to place cars upon a siding, and the cars were placed where the agent directed them to be placed, the owners of the cars are not responsible for injuries to a brakeman resulting from other cars on the switch being pushed off the siding onto the main line, and colliding with a train on which the brakeman was riding.

Argued April 30, 1906. Appeal, No. 148, Jan. T., 1906, by plaintiff, from order of C. P. Tioga Co., Sept. T., 1904, No. 273, refusing to take off nonsuit in case of DeLana Keeney v. Eben B. Campbell and Girard F. Hagenbuch, copartners under the firm name of Campbell & Hagenbuch. Before Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Cameron, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in refusing to take off nonsuit.

*W. I. Lewis,* with him *Nelson L. Allen, Arch. F. Jones,* and *R. R. Lewis,* for appellant.—The defendants were using this railroad for their own business. The most that can be said is that they were directed to use this track. It is idle to argue that it is negligence to block the main track of a public railroad. The only answer the defendants can make is that they were licensed to use the railroad track. Can this license excuse them from the negligent manner in which they used it? We think there is a vast difference between the cases where injury necessarily results from the thing directed, and where the injury results only from the negligent manner of doing the thing directed. This is illustrated by the following cases: Clark v. Geer, 86 Fed. Repr. 447; Mills v. Orange, etc., R. R. Co., 1 McArthur, 285; Chicago, etc., Ry. Co. v. Groves, 56 Kas. 601 (44 Pac. Repr. 628); Webb v. Portland & K. R. R. Co., 57 Me. 117.

*D. W. Baldwin* and *Seth T. McCormick,* with them *A. R. Niles,* for appellees.—There are two reasons why there can be no recovery against the appellees in this case:

1. Because, when the engine and cars of Campbell & Hagenbuch came upon the tracks of the B. & S. R. R. Company, there was such an absolute surrender of all control and management of that engine and cars to the B. & S. R. R. Company, acting through their yardmaster Witte, as to make the train crew of Campbell & Hagenbuch operating the engine, for the time being, the servants of the B. & S. Railroad Company, which company can alone be held responsible for their acts while under that company's direction and control: Johnson v. City of Boston, 118 Mass. 114; Hasty v. Sears, 157 Mass. 123 (31 N. E. Repr. 759); Saunders v. The Coleridge, 72 Fed. Repr. 676; Ewan v. Lippincott, 47 N. J. L. 192; Penna. R. R. Co. v. McHugho, 3 Walker, 469; Atwood v. Ry. Co., 72 Fed. Repr. 447; Byrne v. R. R. Co., 61 Fed. Repr. 605; Brady v. Ry. Co., 52 C. C. A. 48; Clark v. Geer, 86 Fed. Repr. 447.

The second reason why the appellant cannot recover is:

Because by virtue of the provisions of the first section of the Act of April 4, 1868, P. L. 58, persons lawfully engaged or employed on or about the roads, works, depots and premises

of a railroad company, of which company such persons are not employees, are made fellow servants of the employees of such railroad company; and the right of recovery on each side by such fellow servants for the negligence of the other is confined to the fellow servant whose act or negligence causes the injury, the principle of respondeat superior having no application, either on the part of the railroad company or on the part of the patron of the road by the negligence of whose servant an employee of the railroad company may be damaged: Catawissa R. R. Co. v. Armstrong, 49 Pa. 186; Kirby v. Penna. R. R. Co., 76 Pa. 506; Penna. R. R. Co. v. Price, 96 Pa. 256.

OPINION BY MR. JUSTICE ELKIN, May 24, 1906:

The husband of plaintiff was employed as a brakeman on the Buffalo and Susquehanna Railroad lines. He was riding at the time of the accident in the cab of the engine. On the night of the accident the appellees obtained permission from the agent of the railroad company to allow their engine and crew to place three of their cars loaded with lumber on switch number one in the yard of the railroad company. The appellees were copartners and operated a private railroad to deliver their lumber to the railroad company at Ansonia, which was the eastern terminus of said railroad. The contention of appellant is that the appellees, having secured permission to place the three cars of lumber on the switch, negligently pushed some other cars standing on said switch out on the main line of the railroad company so that the next train which passed in a few minutes collided with them and caused the injury complained of. In disposing of the question the learned court below, among other things, said: " If these defendants should be held liable to an employee of the B. & S. Railroad Company under these circumstances, we have the strange anomaly of holding the party liable for the result of a transaction over which he had no control and in which he took no part by word or act, a transaction directed and controlled by a fellow servant of the party complaining and entirely independent of the defendants. The placing of the cars on switch number one was not an unlawful act, neither was it negligence per se. The evidence clearly shows that the defendants had no power to direct either the time or manner of doing it. When the cars were

brought to Ansonia, it is evident Mr. Witte did not consider the time nor the conditions of the switch proper for the placing of cars thereon.   When in his judgment the time had arrived and the conditions were proper he had had nothing to say to Mr. Campbell who was then present waiting his authority: He took the lantern out of Mr. Campbell's hand and told the crew where to put the cars without even a suggestion from Mr. Campbell.   It is very evident that Mr. Witte exercised exclusive authority in this behalf.   It would be a very harsh rule to hold these defendants liable to any person for the result of placing these cars on the switch when they could have nothing to say as to how, when or where they should be placed."

It is earnestly argued by the learned counsel for appellant that the court below erred in holding that the cars had been placed on the siding as directed by Witte.   We have carefully read his testimony on direct, cross and re-direct examination for the purpose of ascertaining if this contention was well founded, but have not been convinced that any error was committed in this respect.   The testimony of the witness Witte as a whole is not susceptible of any other meaning than was placed upon it by the learned court below, to wit: that the cars of lumber were placed on switch number one at the place directed by the agent of the railroad company.   His testimony on cross-examination to the effect that he directed appellees to put the cars on the switch, but not the manner in which they should be placed on the siding, does not contradict his former testimony wherein he said: " I took the lantern out of his hand and went and told the train crew where to put their cars."

The testimony does not show that the defendants or any of their employees had any knowledge or notice of the number of cars on the switch upon which they were directed by Witte to place the cars.   The appellees were shippers who were compelled to deliver their cars of lumber at the point indicated by the carrier.   An inspection of the record shows that the appellees acted upon the suggestion of the agent of the railroad company, and placed the cars where he directed them to be placed.   If as a result of that direction other cars were pushed off the siding on the main line, we do not see under what theory appellees can be held liable in damages for an alleged negligent act not within their knowledge nor under their control.

We have carefully examined the record in this case, but have not been convinced that the testimony discloses any evidence of negligence on the part of the employees of the appellees that would justify a recovery of damages for the injuries complained of.

Judgment affirmed.